On Motion to Dismiss.
The opinion of the court was delivered by
Breaux, J.
The appellee moved to dismiss on grounds, to-wit:
1. The amount in dispute is less than the jurisdictional amount.
2. The statement of facts was not procured before the appeal was granted, citing in support of this proposition the following: Scott vs. Blanchard, 8 N. S. 305; Hodge vs. Creditors, 3 L. 455; LeBlanc vs. Broussard, 16 L. 137, and Logan vs. Windsor, 20 An. 253.
The facts are, as relates to the first ground to dismiss, that on plaintiff’s petition the tax sale which had been made of her property in 1894 to the defendant was decreed null and void by the District Court, and the tax collector was expressly ordered to return the amount of the purchase price. This judgment was rendered in March, 1896. The tax collector did not appeal.
On appeal to this court the judgment was affirmed in May, 1896. Mrs. Brown and Husband vs. Land Co., 48 An. 1188.
Before the District Court the defendant, in October, 1896, filed a rule on the tax collector, (who had been called in warranty in the case in which the judgment of nullity of the tax title was pronounced) , to compel him to pay the purchase price and costs to the mover. This rule was filed after the tax collector had paid the amount to the Auditor of the State.
*1782 The rule was made absolute, and the tax collector was condemned to pay the purchase price and costs, quoting from the judgment, “ out of any funds in his hands, and that the said company have any writ of process, authorized by law, to enforce this order.”
The appellant’s contention is, that this court is without jurisdiction.
The appellant, in support of his appeal as relates to jurisdiction, invoked Art. 629 of the 0. P., (conferring authority needful in matter of the interpretation and execution of the judgment it has rendered, irrespective of the amount involved), and urged that the present appeal was merely a branch of the case cited supra, in which jurisdiction was incontestable; that judgments of the court a qua interpreting the decree of this court are appealable.
Our attention was directed to the early case of Holstein vs. Henderson, 6 N. S. 276, in which the court asserted jurisdiction and the power of revision, if the court of first instance does not correctly interpret its judgment as rendered on appeal.
The question was considered in Lovelace vs. Taylor, 6 R. 92, and the court said in substance, if the one against whom the judgment was pronounced thinks himself injured by a mistaken interpretation of the judgment he must seek relief by a suspensive appeal. In relation to a final judgment, similar views were expressed in Hays vs. March, 11 Louisiana, 369.
The question was argued in the case of Dennistoun vs. Rist, 9 An. 464, and the court said, while indisposed to interfere with the court of the first instance, it would interfere in the matter of interpreting its judgment, if the “ record presented a clear case of denial of justice or oppression.”
The last utterance of this court upon the subject was in State ex rel. Construction Co. vs. Tax Collector, 48 An. 33, in substance reiterating the views expressed in the decisions from which we have quoted. The court asserted jurisdiction and control of the interpretation to be placed upon its judgment.
We pass to the next ground urged, i. e., that the statement of facts should be made before the appeal is obtained.
We think it in place to state that the statement of facts prepared by the judge after the appeal had been taken shows that the tax collector gave public notice that “incase the purchaser failed to obtain possession within thirty days after the sale, he would’ hold *1783 the proceeds and refund the price to the purchaser if applied to within that delay; that the purchaser did apply within the delay for a second extension of thirty days, at the end of which the defendant applied for a third extension of thirty days. When the time for the settlement of the tax collector with the Auditor had arrived, the tax collector referred the application for further delay to the Auditor, who refused and ordered the tax collector to turn the funds into the State treasury in his settlement, which was past due. The tax collector complied with the law and from that time he was without funds to refund the purchase price; that he. was without authority to divert any other funds from tax sales or tax collections to the reimbursement of the purchase price, and that if he was obliged to pay the amount he would have to pay out of his private funds.”
To the ground to dismiss because df the delay in applying for and procuring the foregoiug statement of the facts, the appellant interposes the objection that it was too late to have any effect.
It is true, as stated by the appellee, that the motion to dismiss was filed after tne delay for filing such motions had elapsed. The ground not being jurisdictional, we can not entertain it. This court said: “A motion to dismiss on the ground of any informality in the mode of bringing up an appeal must be made within three judicial days after the filing of the record.” Hall vs. Nevill, 3 An. 326. This rule has been enforced in a number of cases.
The motion to dismiss is overruled.