Mayor and City Council vs. Sheriff et al.

## No. 13,948.

MAYOR AND CITY COUNCIL OF MONROE VS. D. A. JOHNSON, SHERIFF, ET AL.

### SYLLABUS.

1. The power to improve its streets being vested in a municipality, the corpora-
tion may, unless restricted by statute, adopt any one or more of several
methods of effecting the improvement. For instance, where graveling the
streets is determined on, it could let the work by contract, or it could pur-
chase the gravel and hire conveyances and teams for its delivery and distri-
bution, or it could purchase a gravel pit and an outfit for the taking out and
transportation of the gravel.
2. Where the latter course is resorted to, the land where the gravel pit is, to·
gether with the plant and outfit needed for working and operating it, is
property which, while not essential to the existence of the corporation, is
necessary for the useful and proper exercise of one of its functions.
3. Such property so acquired and used is not subject to seizure at the hands of
the judgment creditors of the corporation.
4. Whether or not property held as public property is *necessary* for the public
use is a *political* rather than a *judicial* question.

APPEAL from the Sixth Judicial District, Parish of Ouachita—
Hall, J.

*Stubbs & Russell,* for Plaintiff, Appellee.

*John M. Munholland,* for the J. G. Wagner Company, Defendant,

The opinion of the court was delivered by

BLANCHARD, J. The J. G. Wagner Company, a judgment creditor of
the City of Monroe, caused execution to issue and under the writ the
sheriff seized a tract of land containing eighty acres belonging to the
debtor, and also fourteen head of mules, two horses, eight wagons and
eight sets of harness.

Whereupon, the City of Monroe sued out a writ of injunction to
restrain the sale of the property.

The allegation is made that the land contains a bed of gravel and was
bought by the city for the sole purpose of obtaining material to gravel
and improve its streets; also that the mules, horses, harness and wagons
seized were acquired by the city for the sole purpose of hauling the
gravel from the pit to the streets and distributing the same on them.

It is further averred that the land and the other property mentioned
have been used, since the city's acquisition thereof, solely for the pur·

poses named, and that by means thereof useful and valuable improvements have been made on the streets.

It is represented that the expense of buying the property, as well as the care and maintenance of the mules and horses, was defrayed by the city out of a fund realized from the sale of an issue of forty thousand dollars street improvement bonds put upon the market under the authority of law.

The contention of the plaintiff is that the property seized, both real and personal, is public property, acquired and held and exercised for the public use, and, therefore, is not subject to seizure and sale in satisfaction of an ordinary judgment against the city.

The defense is that the property seized is neither essential nor necessary to the conduct of the affairs of the municipal corporation and, hence, is liable to seizure for its debts.

The judgment of the court *a qua* sustained plaintiff's contention and defendant, the J. G. Wagner Company, prosecutes this appeal.

*Ruling*—The proof appears to sustain the essential allegations of the plaintiff's petition.

The streets of the City of Monroe are under the control and regulation of the City Council. Their improvement is within the scope of the powers granted by the charter.

It was, therefore, competent for the Council to take steps to improve them, and to this end, to devise the ways and means therefor, and to determine the method and manner in which the work should be done.

In this instance the Council decided to gravel certain streets.

It could have let the work by contract, or it could have purchased the gravel and hired conveyances and teams for its delivery and distribution, or it could do as it did do:—purchase a gravel pit and an outfit of wagons and teams for hauling the gravel.

Either method employed would have been in execution of a public purpose and, therefore, legitimate.

The land and the outfit needed for opening the gravel pit on it, for getting out the gravel and for hauling and distributing it on the streets, is property which, while not essential to the existence of the corporation, is necessary to the useful and proper exercise of its functions, and to deprive the corporation of the same would be to hinder it in one of the functions contemplated by its charter, to-wit:—the care and improvement of the streets of the city.

New Orleans vs. Ins. Co., 23 Ann. 61.

Such property so acquired, dedicated and used is not subject to seizure at the hands of the judgment creditors of the city.

Klein vs. City of New Orleans, 99 U. S. 149; Merriwether vs. Garrett, 102 U. S. 472, 518, 525.

Whether or not property held as public property is *necessary* for the public use is a *political* rather than a *judicial* question.

Pickett vs. Brown, 18 La. Ann. 562; Police Jury vs. Foulhouze, 30 La. Ann. 67.

Judgment affirmed.