## VOLUME 112.

## CASES ARGUED AND DECIDED IN THE SUPREME COURT OF LOUISIANA.

AT TERM BEGINNING FIRST MONDAY OF NOVEMBER, 1903.

(36 South. 205.)

No. 14,673.

STATE v. NEW ORLEANS DEBENTURE REDEMPTION CO. et al.

(March 14, 1904.)

COSTS ALLOWED STATE—PRESCRIPTION—JUDGMENT—WHO LIABLE.

1. The amount for costs, in view of the fact that plaintiff had settled, then became part of the judgment. It was, in addition, an amount due the state. It was not subject to the prescription pleaded.

2. The sum was paid out of the appropriation for judicial expenses.

3. "All costs for which the state may become liable is to be paid out of this fund." Act No. 65, p. 71, of 1884.
The state did not become liable for the costs. In settlement with the state in matter of this fund, she cannot be charged an amount for costs for which she never became liable.

4. The defendants in rule have already been condemned to pay costs. The terms of the judgment in the original cause cannot now be changed.

5. There was no natural obligation on the part of the state to pay the costs, and therefore she can recover the amount, even after payment.

6. The judgment of this court, which held that "the whole question as to the appointment of a liquidator or receiver was left at large, and to be considered as an original question" (26 South. 586, 51 La. Ann. 1841), does not have the effect of reversing the prior judgment as to costs. No estoppel against the state grows out of this judgment, which defendants in rule can invoke as relieving them from paying costs.

7. The defendants who chose to make themselves parties to the litigation are bound equally with the principals.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

Action by the state against the New Orleans Debenture Redemption Company and others. Judgment for defendants, and the state appeals. Reversed.

Walter Guion, Atty. Gen. (Milton Joseph Cunningham, Frank Edward Rainold, and Lewis Guion, of counsel), for the State. Pierson & Pierson, for appellees.

2

BREAUX, J. This is a demand of plaintiff to recover costs which she paid to the stenographer for his services in the district court. The amount paid to him by the Attorney General at the time the services were rendered was $390, for taking testimony on the original trial of this case.

The questions involved relate to the execution of a judgment of the Supreme Court. The appeal lies to this court from the judgment rendered in the district court regarding this amount, although it is less than the sum fixed as the maximum jurisdiction of this court.

The appellate court should interpret its own judgment. Brown v. Land Co., 49 La. Ann. 1779, 23 South. 292.

The judgment which has given rise to the issues pressed upon us for our consideration condemned all parties defendants to pay the costs.

The defendants obtained both a suspensive and devolutive appeal, and furnished the required bond.

Other persons, alleging an interest after the judgment had been signed in which the costs for stenographer's fees had been incurred, petitioned the lower court for an order of appeal, suspensive or devolutive, which was granted. They furnished the required bond, which sets forth, as a condition, that the appellants would satisfy any adverse judgment which the court might render against them.

Judgment went against them on appeal, also, as well as against the defendants.

They then sued out a writ of error, and took their case to the Supreme Court of the United States. The judgment of this court in the debenture case was affirmed. New Orleans Debenture Redemption Company v. Louisiana, 180 U. S. 320, 21 Sup. Ct. 378, 45 L. Ed. 550.

We go back to the proceedings in the district court to mention that, after the decree had become final in that court, Mr. Benedict presented a petition to that court to be appointed liquidator. The trial court recognized him as liquidator, and ordered the officers of the debenture company to turn over to the liquidator all the assets, books, and papers.

From the decree the state appealed to this court, and again all parties to the original suit became parties to the appeal. On appeal the judgment of the trial court, as relates to this liquidator, was reversed.

Over three years had elapsed from the date of the last judgment rendered in the state court to the date the rule now before us for consideration was filed. In October, 1900, the judgment of the Supreme Court of the United States was rendered. It follows that it was rendered within the three years prior to the rule filed in 1902, and now before us for consideration, in which plaintiff in rule claims from all appellees the amount paid to the stenographer, and plaintiff in rule asks that it be taxed as costs against all the defendants in this rule.

Defendants interposed an exception in their defense, and, in the alternative, an answer. In the exception they plead that plaintiff sets forth no cause of action, estoppel, and three years' prescription; and in the answer, that the state of Louisiana was not liable for costs, and that costs paid by her to a stenographer were paid without liability therefor, and that it cannot be recovered back, nor taxed as part of the costs; and, further, defendants represent that they had been compelled to disburse large amounts and expenses as costs, equal to the amount claimed in the pending rule, and that it recovered a final judgment in this court in its favor. This amount defendants pleaded as an offset. This was substantially the defense, with the addition that the defendants in rule, who became parties to the original proceedings after judgment had been ren-

dered, urged that there was no liability on their part for the costs of a stenographer employed in the lower court, because they were not parties to the suit at the time that these costs were incurred; that they had only become parties since the trial and judgment in the case by appeal from the judgment; and that their only liability was for costs which had accrued after the appeal from the judgment.

It was admitted for the purpose of the trial of this rule that "the state paid, through her Attorney General, the sum before mentioned, in satisfaction of the stenographer's fee for taking testimony on the trial, and that he paid the amount out of the appropriation made by the Legislature to the Attorney General for judicial expenses incurred in his office, as provided by Act No. 65, p. 71, of 1884."

We take up the plea of prescription for decision, and we hold that the claim is not prescribed.

Our reasons for thus holding are that the amount for costs has become a part of the judgment in the original suit.

The prescription of three years bars the claim of the sheriff and clerk. The amount here claimed is not an amount claimed for costs, as it had passed out of the clerk's possession, or that of the stenographer, and has, by the payment to this officer or to the stenographer by the party in the suit originally liable, become **part** of the judgment of the state.

Costs are part of the judgment, as interest is to the principal, and the costs are to be paid by the party cast to the judgment creditor who has paid them, without reference to any right which the clerk may originally have had, and without being subject to the plea of prescription which may be pleaded against the clerk.

Costs follow the judgment. If the plaintiff is entitled to a portion of his demand, he is also entitled to the costs decreed to be due at the time that the validity of his demand was decreed.

Costs are an incident of the judgment, and, when allowed, are protected thereby in favor of the judgment creditor. They become a debt, by the terms of the judgment, always due to the successful party.

Moreover, this demand is for an amount which had to be advanced in order to enable the parties to proceed with their suit. It became a personal claim from that time, to be reimbursed by the defendants if cast in the suit, and is therefore not subject to the prescription pleaded.

The funds were paid by an officer of the state out of funds set aside by the state for a particular purpose.

The action is one by the state to have the amount returned. In that light, it becomes a suit by the state, and is not subject to prescription. Const. art. 193.

We pass the plea of no cause of action with the statement that we have not found that it should be sustained, as, in our view, the state has a cause of action to recover costs which have been necessarily taken out of her funds, and to the return of which she is entitled.

We pass to the consideration of the proposition that, the state not being liable for costs in suits wherein she is cast, in case she is successful she is not entitled to recover costs for which she is not liable.

But it happens, if the state does not recover the amount, that she will have been made to pay costs, which the law contemplates she cannot be made to do.

It may be thought that this objection is answered by invoking the statute cited supra, in which it is provided that the state, in certain contingencies, may find it proper to pay costs.

The terms of that statute do not sustain the view that the state was bound for the payment of the costs in question.

We quote from the statute: "But all costs

for which the state may become liable shall be paid by the Attorney General out of the proper appropriation therefor."

The state never became liable for these costs. The situation, for reasons that are evident, required their payment at the time, but the state did not owe them; and, when afterward defendants were cast, it devolved upon them to pay the amount.

An accounting, as relates to the disbursement of this particular fund to the state, is to be given without charging the state with costs she did not owe. It would be deficient if it showed that the state paid costs in suits in which it is decided that costs are due by defendants, and not by the state.

We will, in the first place, state that the defense on this point is that the state was not legally bound to pay these costs, because the state is not liable for costs. If this suit had been between two ordinary parties, the one cast would have been bound for the costs. An exception to the ordinary rule is here invoked, on the ground exclusively, as we take it, that, as the state was not liable, she cannot recover the amount.

True, the state was not liable, but the defendants are not entitled to the same immunity. They cannot go scot-free, and pay no costs to those who earned them, because, forsooth, the state is a party.

But really that question has already been decided. The judgment condemned these defendants to pay costs, and that must be considered as settling the question of liability. These defendants prior to judgment in the case originally did not ask to be relieved from the payment of costs that they had been condemned to pay. It is now too late to raise questions which should have been urged in time after judgment had been entered against them.

We have no dissent to express from the principle of law invoked by defendant, that a natural obligation to pay will be sufficient to prevent the recovery, as laid down in ar-

ticle 2303 of the Civil Code. There was no natural obligation. The state did not, in any sense, owe the amount. The language of the law and of jurisprudence is quite plain on this subject. It is because there was no obligation—natural or any other—to pay these costs, that we think that an amount should be returned to her which she advanced for reasons before mentioned.

The plea of estoppel urged by defendants is not sustained. The refusal of the court on appeal to recognize a receiver did not have the effect of changing the term of the judgment rendered as to costs. The fact that defendant in that part of the litigation pleaded that there were no debts does not estop plaintiff from showing that there are costs due. The question of debts or no debts was not the direct issue in the appeal, as relates to the receiver, and was not ground upon which the court declined to authorize a receiver to act.

The court said:

"The whole question as to the appointment of liquidator or receiver was left at large, and to be considered as an original question." State v. Debenture Co., 51 La. Ann. 1841, 26 South. 586.

Defendants must find meager support for their plea in the foregoing utterance.

The defendants who chose to make themselves parties to the litigation are as equally bound as the original principals for the amount claimed.

They took the record as they found it made up, with the evidence as written down by the stenographer. By the appeal they made it their costs. There could not have been an appeal by them without the testimony taken down. They are bound with defendants in solido.

For reasons assigned, the judgment of the district court is overruled, annulled, and reversed.

The law and the evidence being in favor of plaintiff in rule, it is ordered, adjudged,

and decreed that plaintiff in rule do have and recover judgment of the defendants in rule for the sum of $390, and costs in both courts.