The mandamus applied for is refused at relators' costs.

———

(37 South. 974.)

No. 14,515.

J. G. WAGNER CO. v. CITY OF MONROE.

(Jan. 30, 1905.)

APPEAL—DISMISSAL—JURISDICTIONAL AMOUNT.

The plaintiff company having made a seizure of certain property belonging to the city of Monroe, the latter enjoined the seizure, and prayed to have the same set aside as being of property exempt from seizure. This defense was sustained, and the seizure set aside. On appeal by plaintiff, the judgment was affirmed by the Supreme Court. Thereafter the sheriff of Ouachita took a rule on the plaintiff to show cause why it should not pay him some $900 for the keeping during the seizure of the mules seized. The district court rendered judgment in favor of the sheriff for $385. The plaintiff appealed. The sheriff moved to dismiss the appeal for the reason that the amount involved was not sufficient to give the court jurisdiction. The court sustains this objection and dismisses the appeal for reasons assigned.

(Syllabus by the Court.)

Appeal from Sixth Judicial District Court, Parish of Ouachita; Luther Egbert Hall, Judge.

Action by the J. G. Wagner Company against the city of Monroe. Judgment for plaintiff. Rule by sheriff on plaintiff to show cause why certain expenses incurred under a seizure on execution subsequently enjoined should not be paid. Judgment for plaintiff in the rule, and defendant in the rule appeals. Transferred to the Court of Appeal.

John Merritt Munholland, for appellant. Stubbs & Russell, for appellee.

Statement of the Case.

NICHOLLS, J. The J. G. Wagner Company is appellant from a judgment rendered by the district court on a rule taken against it by D. A. Johnston, sheriff, as hereinafter stated. The appellee has filed a motion to dismiss the appeal on the ground that the amount in dispute is below that necessary to give the Supreme Court jurisdiction. Appellant, in the brief filed in its behalf, sets out the facts of the case as follows:

On November 20, 1899, the J. G. Wagner Company obtained a judgment in the Supreme Court of Louisiana against the city of Monroe for $2,500, with legal interest from judicial demand, being the proceeds of a check of the J. G. Wagner Company for said sum unlawfully collected by the said city. This case is reported in 52 La. Ann. 2132 et seq., 28 South. 229. The defendant, the city of Monroe, failing and refusing to pay this judgment, the J. G. Wagner Company on the 10th day of November, 1900, caused execution to issue under said judgment, and there was seized under said writ 80 acres of land, upon which was a gravel pit, 14 mules, 2 horses, 8 set of harness, and 8 wagons. On the 20th of November, 1900, the city of Monroe enjoined the sale of this property, and, prevailing on the trial of this cause, the case was appealed to the Supreme Court by the J. G. Wagner Company, and on December 3, 1901, the Supreme Court affirmed the judgment of the district court; this opinion and

decree being reported in 106 La. 350, 30 South. 840.

On March 19, 1902, the sheriff, plaintiff in the rule, filed a rule upon J. G. Wagner Company to show cause why the sum of $928, alleged to have been incurred in the expense of feeding the live stock that had been under seizure, should not be taxed as costs and paid by the defendant in rule; and the plaintiff was ruled to show cause by the 21st day of March why the prayer of plaintiff in the rule should not be granted. The defendant in rule filed an exception to the citation: (1) That the name of the defendant was the J. G. Wagner Company, and not J. G. Wagner Company. (2) That John M. Munhollan was not the person upon whom legal service could be made for the J. G. Wagner Company. This exception being overruled, the defendant filed answer denying that the plaintiff in the rule, or any person for him, as keeper, had incurred any expense; that the mules and horses were never in the corporeal possession of the sheriff, but had always been in the care and possession of the city of Monroe, the judgment debtor, and during the time of the seizure had been used for the benefit of said city, and that the object of the rule was to make the J. G. Wagner Company pay the cost of maintenance of the said animals, which had never been taken out of their possession; and that the rule was for the sole and exclusive benefit of the city of Monroe, and not for the sheriff.

Upon a trial of these issues there was judgment in favor of plaintiff in the rule for $385, from which judgment defendant in rule prosecutes this appeal.

## On Motion to Dismiss.

Appellee urges that the proceeding on the rule is a separate, new, and independent proceeding; the matter in dispute being the liability of the defendant in the rule for the sum of $928 costs incurred in keeping a lot of mules seized by the sheriff under instruc-tions from the plaintiff, the J. G. Wagner Company; that the case is similar to that of the Succession of Dougart, 42 La. Ann. 516, 7 South. 794, in which the Supreme Court held that a proceeding to recover costs for an amount below the inferior limit of the court's jurisdiction was equivalent to a direct action, in which from no aspect could it render a judgment exceeding $2,000.

Appellant insists that the questions involved relate to the executions of former judgments of the Supreme Court, and that court is now called on to interpret its own judgments. It refers the court to article 629, Code Prac.; State v. New Orleans Debenture Co., Ltd., 112 La. 1, 36 South. 205; State ex rel. Johnson v. Judges of Court of Appeal, 107 La. 69, 31 South. 645, and authorities cited; and Brown v. Land Co., 49 La. Ann. 1779, 23 South. 292. Should the court hold that it has no jurisdiction, it prays that the cause be transferred to the Court of Appeal, parish of Ouachita, under Act No. 56, of 1904.

## Opinion.

The amount in dispute is insufficient to give this court appellate jurisdiction. Should we maintain the appeal, it would have to be by reason of some exceptional feature which the case presents. It is claimed that we are called on to interpret the former judgments rendered by us in this same case, but we fail to see wherein the issue now presented requires for its solution any interpretation of those judgments. It is unquestionably the right, as well as the duty, of the Supreme Court, after it has decided a case, and which has been sent back for execution, to see that it is carried into execution according to its terms. The remedy to be resorted to for that purpose should strictly be one taken under our supervisory, not our appellate, jurisdiction. In Brown v. Land Co., 49 La. Ann. 1789, 23 South. 296, this court said:

"The complaint comes before us in the form of an appeal, but the proceeding is not in reality such, but one supervisory in character, as

matter connected with our appellate jurisdiction, in order to aid and make it effectual. State v. Judge, 19 La. 180, 181. The matter, we think, would have been more appropriately brought before us through certiorari and a quasi prohibition, and under a return and answer of the judge, than it has been; but we see no particular objection as to the form of the proceeding, if the rules ,which the court would have followed, had the form been different from what it is, be followed."

Though the appeal was not dismissed in that case, the opinion clearly indicates that the proceeding was held in court solely because the issue before the court was as to whether the district court was or was not carrying out the judgment of the appellate court according to its terms, correctly interpreted.

There is nothing in the case before us calling in question the action of the district court as being in contravention of the former judgment—as doing anything less or more than our decree required to be done.

The question raised was an original one arising in the district court after the judgment of the Supreme Court was sent down, which could be decided by the district court, or on appeal by the Court of Appeal, either for or against appellant's contention, without in the slightest degree affecting the judgment of the Supreme Court. There is nothing in a claim for costs which by reason of its character should carry such a claim per se for decision to the Supreme Court, without reference to the amount involved. We are of the opinion that we are without appellate jurisdiction in this case. Appellant asks, in the event we should reach such a conclusion, that the cause be transferred to the Court of Appeal for the parish of Ouachita under the provisions of Act No. 56 of 1904. We have the authority to make such a transfer, but the statute provides in its first section that, before said transfer, the appellant or his attorney of record shall make oath that his appeal was not made for the purpose of delay. No such oath has as yet been filed in this case.

For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the appeal taken in this case be dismissed from this court for want of jurisdiction.

It is further ordered and decreed that this cause be transferred to the Court of Appeal for the parish of Ouachita, to be there proceeded with, provided the appellant or its attorney of record file in this court, before the present judgment becomes final, an affidavit that its appeal was not made for purpose of delay.

It is further ordered that the costs in this court be paid by the appellant.