LAND, J.
 

 Wiley E. Thibodaux, trustee, alleging himself to be the owner of a note for $85,000, secured by mortgage' on certain real estate, caused executory process to issue. Prior to the sale of the property, the People’s Bank & Trust Company, in liquidation, intervened and claimed that the bank had paid taxes on the property seized for the years 1922, 1923, 1924, 1925, and 1926, and, as subrogee of the state and its political subdivisions, had obtained judgment for the amounts paid, and should be paid by preference and priority over the claim of the seizing creditor.
 

 In answer to the intervention and third opposition of the bank, Wiley E. Thibodaux, trustee and plaintiff, sets up the following defenses:
 

 (a) That intervener and third opponent does not have a lien, privilege, or mortgage on the property seized under executory process, for the reason that the lien, privilege, or mortgage resulting from the payment of the taxes is prescribed and perempted under section 19, article 19, of the Constitution of 1921.
 

 (b) That intervener and opponent is es-topped from claiming the taxes.
 

 In its pleadings, intervener and • third opponent alleges that it purchased a judgment rendered in the matter of the “Thibodaux Boiler Works v. People’s Sugar Co., Inc., No. 9,499,” and was duly subrogated to the right of the vendor in the judgment, and that $910.95 of the judgment, with 5 per cent, per annum interest thereon from January 4,1924, and costs, was secured by a materialman’s lien and privilege on the sugar house and ground, seized in the present executory proceedings.
 

 In his answer, Wiley- E. Thibodaux, trustee and plaintiff, admits the purchase of the judgment and subrogation, but denies the resulting lien and privilege.
 

 Judgment was rendered in the lower court, rejecting intervener’s claim to be paid by prl'ority for the taxes of 1922 and 1923, and allowing intervener’s claim to be paid by preference over plaintiff for the taxes of 1924, 1925, and 1926, and for the judgment in favor of Thibodaux Boiler Works.
 

 Prom this judgment plaintiff appeals.
 

 The facts show that the taxes for 1922 were due on December 31, 1922, and that intervener filed suit against the People’s Sugar Company on the tax subrogation on April 4, 1927; and that taxes for the year 1923 were due on December 31, 1923, and suit was filed thereon on April 4, 1927.
 

 The facts further show that taxes for the years 1924, 1925, and 1926 were paid by the intervener, People’s Bank & Trust Company, in liquidation, within three years from the
 
 *1005
 
 31st of December of tbe year in which the taxes were levied and due.
 

 As to the judgments rendered in favor of intervener and against the defendant, People’s Sugar Company, for taxes for the years 1924, 1925, and 1926, it is clearly shown that suit was filed against the tax debtor within three years, starting from December 31st of the year in which the taxes were levied and due.
 

 The petition of intervention and third opposition of People’s Bank & Trust Company was filed on October 25, 1930, praying to be paid by preference, out of the proceeds of the sale of the property, the amounts due for the taxes of 1922, 1923, 1924, 1925, and 1926, and the amount of the judgment of the Thibodaux Boiler Works, which is secured by materialman’s lien and privilege, of date December 11, 1923, on the property seized herein.
 

 It is contended by plaintiff that the merging of the tax liens in the various judgments, Tendered in favor of intervener on the subrogations for the taxes, did not interrupt the prescription of three years under article 19, § 19, of the Constitution of 1921, but that this prescription continued to run, notwithstanding these judgments, “from the 31st day of December in the year in which the taxes are levied,” as provided in the article and section of the Constitution above cited.
 

 If this contention were sound, it would be clear that all the liens for the taxes of 1922, 1923, 1924, 1925, and 1926 would have lapsed since the present intervention was not filed, claiming priority of payment for these taxes, until October 25, 1930.
 

 Intervener paid the taxes for the year 1922, on February 9, 1923, and was subrogated at that date but did not bring suit until April 4, 1927, or four years, three months, and three days after the prescription of three years commenced to run from December 31,1922.
 

 Intervener paid the taxes for the year 1923, on February 18, 1924, and was subrogated at that date, but did not bring suit until April 4, 1927, or three years, three months, and three days after the prescription of three years commenced to run from December 31, 1923.
 

 The tax liens for the years 1922 and 1923 prescribed, or lapsed,
 
 before
 
 judgments were obtained at all.
 

 As to the judgments obtained for the taxes of 1924, 1925, and 1926, the tax liens became merged into them, and thereafter were necessarily governed by the prescription of ten years, to which the judgments themselves are subjected.
 

 Article 19, § 19, of the Constitution of 1921 declares that privileges for taxes, state, parish, and municipal, need not be recorded to affect third persons; “provided such tax liens * * * shall lapse in three years from the 31st day of December in the year in which the taxes are levied.”
 

 Manifestly, the tax liens referred to in this article are not those merged into a judgment, but are such as exist, unaffected by judicial proceedings.
 

 It has been the accepted practice in this state to convert privileges and liens into judgments, and then to treat the judgments as valid and enforceable for ten years after rendition, notwithstanding the actual lapse of time sufficient to prescribe against the original lien or privilege, if it had <not been reduced to judgment.
 

 Neither the framers of the present Constitution, nor the lawmakers of this state, have seen fit to depart from this accepted practice, and we see no good reason for doing so.
 

 
 *1007
 
 2. To sustain the plea of estoppel, Wiley E. Thibodaux, trustee, the seizing creditor, alleges in his answer to the petition of the intervener, People’s Bank & Trust Company, in liquidation:
 

 (a) That if any tax liens existed in favor of intervener, such knowledge was intentionally withheld from respondent at the time of the execution of the mortgage for $85,000 on July 13, 1926.
 

 (b) That respondent had no knowledge, at the time of the mortgage of July 13, 1926, that any claims growing out of transactions prior to that date could be asserted by intervener against the property, and that respondent, with such knowledge, would not have joined in the execution of the act of mortgage and the advancing of the funds secured thereby, without a full subordination of the same by intervener, all of which intervener knew at the time.
 

 (e) That respondent advanced the funds and accepted the mortgage upon representations • made to him by intervener, that the mortgage of respondent would outrank any claim of intervener, and constitute a first lien and privilege upon the property herein seized.
 

 In the month of September, 1922, People’s Bank &. Trust Company, in liquidation, intervener, sold to People’s Sugar Company, defendant, the property seized in this case and other real estate, and retained thereon a mortgage and vendor’s lien to secu.re the purchase price of $276,000.
 

 The People’s Bank & Trust Company, in liquidation, paid the taxes on the property for- the years 1922, 1923, 1924, 1925, and 1926, in -order to protect its vendor’s lien and mortgage on the property.
 

 July 13, 1926; People’s Sugar Company, defendant, mortgaged a portion of the property to Wiley E. Thibodaux, trustee, for the sum of $85,000. The People’s Bank & Trust Company, in liquidation, intervened in this transaction and-subordinated its mortgage of $276,000 to that of Wiley E. Thibodaux, trustee, in so far as it covered that portion of the property.
 

 We agree with the finding of the trial judge that knowledge of the existence of the tax liens in question was not intentionally concealed from plaintiff. -
 

 We also concur in the following statement of facts made by him:
 

 “Plaintiff was acting as trustee of a number of gentlemen, all of whom except himself and one or two others were Directors of the Bank. As directors of the bank they either knew or should have known — since one of them was President and another vice-president thereof, as well as directors — that the bank was the owner of the tax-liens and subrogations in question. These gentlemen formed the pool in question, individually contributed the money that was used, and selected plaintiff as their agent and trustee and, undoubtedly authorized .him to negotiate the mortgage of July 13, 1926, as well as the intervention and waiver of the bank. They constituted a large majority of the pool; their agent can now scarcely be heard to plead ignorance of that which was the knowledge of the greater number of his principals. '
 

 “Again, every member of the pool, including the plaintiff, was a member of the Board of Directors of the Sugar Company, one of them being its President. As President and directors of the Sugar Company, they knew or must be held to have known, that their Company (the defendant herein) had not paid its taxes for the years 1922, 1923, 1924, 1925 (and 1926), and that the bank had, for the purpose of protecting its vendor’s note, paid
 
 *1009
 
 the same and been subrogated to the rights of the taxing authority. This latter conclusion is the more probable and evident, when it appears that the officer of the bank that attended to the payment of said taxes and the securing of the accompanying tax-liens,
 
 was also
 
 the secretary of the Sugar Company and, as such, bound to be familiar with the status of said taxes, and must be assumed to have informed the Sugar Co. Board and officers thereof. It seems unbelievable that the Sugar Co. Board and officers did not well know the status of their property in relation to the tax assessments for the years in question. They must at least be presumed to have known it. That presumption applies to the pool as a whole — since every member thereof was a director of the Company — even though the plaintiff himself may not at the moment have remembered and governed himself by that knowledge. His act was undertaken and accomplished at the direction and with the consent of his principals and must be affected by the knowledge of his principals —at least to the same extent that they themselves would have been affected thereby, had they actually acted and signed for themselves instead of having him do so at their direction.”
 

 The plea of estoppel is therefore overruled.
 

 The intervener, the People’s Bank & Trust Company, in liquidation, would have the judgment amended by giving to the bank judgment for the 1922 and 1923 taxes; and the defendant, People’s Sugar Company, would have the judgment amended by excluding the claims of intervener for the taxes of 1924, 1925, and 1926, and for the judgment of the Thibodaux Boiler Works.
 

 But, in our opinion, the judgment appealed from is clearly correct.
 

 Judgment affirmed.