No. 2339.—A. T. STEWART & Co. *v.* L. HAAS et als.

If a suit or litigation be settled by compromise, no one of the parties to the litigation can, after recovering the portion allotted to him by the settlement, be permitted to deny his sanction to the agreement.

APPEAL from the Seventh District Court, parish of Orleans. *Collens, J. Elmore & King*, for plaintiffs and appellants. *C. Roselius, Clarke & Bayne* and *E. C. Billings*, for defendants and appellees.

LUDELING, C. J. This suit grows out of the bankruptcy of Loeb, Simon & Co. The plaintiffs were creditors of said firm, and also of Mr. Simon individually. The partners owned jointly real estate which was sold by the assignee for about $76,000. The property appeared to be encumbered with mortgages for about $95,000, and the assignee took a rule upon the mortgage creditors to settle the rank of their respective mortgages. At this stage of the proceedings A. T. Stewart & Co. filed an opposition to the claims of all the mortgage creditors, alleging the nullity of all the mortgages. The mortgage creditors were E. A. Jacobs, Vincent & Co. and L. Haas. An agreement was entered into between the attorneys representing the plaintiff and the mortgage creditors that the mortgage creditors would pay to the plaintiffs $3000 if they would dismiss their opposition, so as to permit the distribution of the funds in the hands of the assignee. The object of this compromise seems to have been to avoid the delay incident to the litigation.

In accordance with this agreement, the plaintiffs dismissed their opposition, and the funds were distributed under a decree of the United States District Court, and Jacobs, Vincent & Co. and L. Haas received their proportions thereof. Jacobs and Vincent & Co. paid to the plaintiffs $2000 in accordance with the agreement aforesaid, but L.

Haas refused to pay his quota, on the ground that his attorney had no authority to enter into the agreement, and he repudiates the compromise.

The evidence is somewhat conflicting as to whether or not L. H as assented to this agreement or authorized his attorney to make it before it was made. But of this there can be no doubt, that with a full knowledge of the agreement and of what had been done under it, he received his proportion of the funds distributed. He cannot be permitted to enjoy the fruits of the compromise and at the same time to repudiate the corresponding obligation imposed on him by it.

It is therefore ordered and adjudged that the judgment of the district court be avoided and reversed, and that there be judgment against L. Haas for $1000, with five per cent. per annum interest thereon from the twenty-fifth day of March, 1869, till paid, and costs of suit in both courts.