## No. 1116.

### MRS. L. C. BRACEY ET AL. VS. MRS. M. M. CALDERWOOD ET AL.

Non-residents of the State cannot be legally represented by a curator *ad hoc* in a persona action against them, unless property of theirs has been subjected to the process of the court or actual service has been made upon them. The appointment of a curator *ad hoc* to them in such a case is unavailing.

Judgment cannot be rendered against a party who is not mentioned in the proceeding and who has not joined issue or made himself party. A mere citation served on such party does not compel appearance or justify judgment in default.

Defenses not justified by the answer and made in oral or printed argument, do not constitute issues and are not entitled to be passed upon.

One not a party to a proceeding cannot on appeal ask an amendment of a judgment which cannot affect him.

APPEAL from the Fifth District Court, Parish of Ouachita. *Richardson*, J.

---

*F. Garrett* for Plaintiffs and Appellees.

*R. G. Cobb* for Defendants and Appellants.

*H. H. Russell* for Warrantors, Appellants.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   This is a suit by an evicted purchaser against the representatives of her author's vendor and warrantor for indemnity.

The defendant called in warranty the authors of her husband, whose universal legatee and executrix she is.   Three of these were non-residents, and a curator *ad hoc* was appointed to represent them.

There was judgment for plaintiff against the estate of Calderwood; but the court declined to render judgment against the non-residents.

The defendant and several warrantors have appealed.   The former complains of the judgment in two respects only :

1. That it is erroneous in not having been rendered against the non-residents : S. V. Benson, F. B. Cauthorn and H. B. Williams; who, it is claimed, were legally cited by process on the curator *ad hoc*.

2. That the judgment should have been rendered against Mrs. F. C. Downey, an heir of H. M. and T. R. Bry, who it is alleged was cited and failed to appear.

3. The warrantors of defendant, who have appealed, complain of the judgment, saying that the plaintiff cannot claim to have been evicted by the enforcement of a previous mortgage, because she was directed on a personal obligation of hers, incurred by the issuance of a twelve months' bond furnished for the purchase of the property and enforced against her.

4. There is a motion to amend.   First, by making the judgment one in favor of Mrs. Downey and the succession of Bry and wife; and second, by allowing the curator a fee of $10 for each of the absentees represented by him.

I.

The suit is not one *in rem*.   It is a personal action.   The record does not show that the absentees own any property in the State which was subjected to the process of the court; or that any citation was actually served on them; or that they have joined issue in person or by attorney.

In the recently decided case of Laughlin vs. L. and N. O. Ice Company (No. 8956), 36 Ann. we have held that it is now the settled jurisprudence of the Supreme Court of the United States that, except in actions affecting personal *status,* or in those partaking of the nature of proceedings *in rem*, like suits to partition real estate, foreclose mortgages, or enforce privileges or liens, substituted service, as against a non-resident, can be effectual, as " due process of law," under the fourteenth amendment of the Constitution of the United States, only

Bracey vs. Calderwood.

where, in connection therewith, property in the State is brought under the control of the court and subjected to its disposition, by process adapted to the purpose. The question being federal in its nature, former jurisprudence of this Court must yield to the authority of the highest court in the country.

II.

Defendants' call in warranty does not mention Mrs. Downey's name, or ask that she be cited. She is a married lady. No default was entered against her, and she has not joined issue with or without proper authority. A mere citation served on her could not bring her and her husband into court, did not make them parties, could not force them to answer, and cannot justify any judgment against her. The judgment cannot and does not effect her to any extent.

III.

The answer to defendants' call in warranty does not raise the issue now sought to be formed. The gravamen of the defense is, that if any mortgage existed at the time of sale on the property it was well known to defendant's author; and that in waiving production of the certificate of mortgage, the parties understood that the vendor assumed the responsibility of paying the mortgage.

A reference to the act of sale to Hart, from whom plaintiff inherited the property, shows that it is absolutely reticent on the subject. The inferences of assumption and the deductions, or consequences, alleged to flow therefrom, are ill founded in fact and in law, and therefore unauthorized.

The means of resistance now urged is clearly an afterthought, as it is advanced only in lead pencil, in two short sentences, hastily added, in the margin of the fore last page of the printed brief of counsel, who submitted without oral argument.

Defenses not authorized by the answer and which are made in argument only, form no part of the pleadings. They do not constitute issues and are not entitled to consideration.

IV.

As Mrs. Downey is not a party to the proceeding in warranty, she can neither be dealt with as appellee nor assume that attitude. She has therefore no right by an appearance in this Court to make herself appellee, and as such ask any amendment of the judgment of the lower court which she is authorized to ignore.

V.

The curator ad hoc is entitled to the compensation which he claims.

It is therefore ordered and decreed that the judgment appealed from be annulled by allowing T. O. Benton, Esq., curator *ad hoc*, as costs, ten dollars for representing each absentee—that is, thirty dollars in all; and that thus amended, said judgment be affirmed, with costs in both courts.

Judgment affirmed.