SOMMERVILLE, J.
This case, like the one just decided, numbered 20,050, and enti *1031 tled Quaker Realty Co., Ltd., v. Edward H. Purcell, 64 South. 894, [1] raises the same points as have been disposed of in that case, with the exception that the defendant here does not allege in its answer that it is being deprived of its property without due process of law, in violation of the fourteenth amendment of the Constitution of the United States, as was alleged by the defendant in the other cause.
The reasons for judgment in the former case are made the reasons for judgment in this case.
[1, 2] Defendant has answered the appeal taken by plaintiff, in which it sets up many,of the defenses set up in its answer in the cause, and in addition thereto attempts to plead in this court that the action of plaintiff would be in violation of the amendment of the Constitution of the United States in taking its property without due process of law. This is a new defense, made for the first time in this court, and it cannot be decided here. It is not embraced in the pleadings, and it was not before the trial court.
' The Code of Practice provides (articles 591, 887, 888) that the appellee in his answer may ■either pray for a full confirmation of the judgment with costs, or he may pray also for the damages spoken of in the Code. He cannot plead a new cause of action or a new defense.
[3] Defendant, in this court, has filed peremptory exceptions, pleading res adjudicata and the prescription of 10 years.
The plea of res adjudicata is based on the judgments found in the records, entitled Ernest Miltenberger et al. v. State Tax Collector, Third District, and Register of Conveyances, No. 37,181 and No. 37,182 on the docket of the First city court of New Orleans. These judgments are like the one relied upon in the suit heretofore referred to and decided this day, and numbered 20,050, entitled Quaker Realty Company v. Edward H. Purcell, 64 South. 894,[2] and which we hold to be null and void because of want of jurisdiction ratione materias in the First city court. Quaker Realty Co. v. Labasse, 131 La. 996, 60 South. 661. Besides, the elements of res adjudicata are lacking. The suits are not between the same parties, or for the same thing.
[4] The plea of prescription of 10 years is attempted to be sustained by showing that defendant and its author in title have been in possession of the property for more than 10 years prior to the filing of this suit, May, 9, 1912. But the state of Louisiana owned the property from the year 1885 until it sold the same through the auditor of public accounts, representing the state, September 1, 1909, under Act No. 80 of 1888, as amended by Act No. 126 of 1896. Prescription does not run against the state. Prescription was suspended during the time that the state was the owner of the property; and 10 years have not elapsed since the state parted with title in favor of plaintiff and its author. The plea of prescription is overruled.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and it is novi ordered, adjudged, and decreed that there be judgment in favor of plaintiff and against defendant, confirming and quieting petitioner’s title to the property described in its petition herein, and recognizing it as the sole owner thereof in perfect ownership. Costs to be paid by defendant.
MONROE, X, not having heard the argument, takes no part in the decision. PROVOSTX, X, absent on account of illness, takes no part.

Ante, p. 1022.

Ante, p. 1022.