(105 So. 606)

No. 27254.

## SHALLEY v. NEW ORLEANS PUBLIC SERVICE, Inc., et al.

### In re SEWERAGE AND WATER BOARD.

(July 13, 1925. Rehearing Denied Oct. 6, 1925.)

*(Syllabus by Editorial Staff.)*

1. Municipal corporations ☞776—Act of sewerage and water board in placing pipes near street car track held gross negligence.

Act of sewerage and water board in placing pipes near car track so that passenger, who intended to get off at next stop, and had descended to and taken position on step of street car, was struck and injured by pipe, *held* gross negligence.

2. Municipal corporations ☞791(1)—Water board placing pipes near street car track charged with knowledge of passenger's position on steps.

Where sewerage and water board placed pipes near street car track, it was charged with full knowledge that passengers on street car intending to get off at next stop would take position on steps at a distance from stopping place of car, prevalence in the city of such custom being established by the evidence.

3. Carriers ☞305(6)—Municipal corporations ☞800(2)—Water board's laying of pipes within dangerous proximity of car track, concurring with negligence of street car company, held proximate cause of injury to passenger alighting.

Where water board negligently placed pipes in dangerous proximity to car track, as a result of which passenger preparing to alight was injured, such negligence, concurring with that of street car company, was proximate cause of injury, since but for presence of pipe passage of street car would have been clear and safe; hence there was no reason for finding that negligence of street car company was sole and proximate cause of injury or vice versa.

4. Carriers ☞333(2)—Municipal corporations ☞803(1)—Street car passenger, struck by obstruction in street, not guilty of negligence in getting down on step to alight.

Passenger, struck by drain pipe near track, *held* not guilty of contributory negligence in getting down on step preparing to alight from street car.

5. Pleading ☞228—Exceptions of no cause of action waived and abandoned where exceptions never tried, and case tried on merits on issues raised by defendant's answer.

Where, on application for review of judgment in personal injury case against water board, defendant contended that exceptions of no cause of action were based on fact that water board was merely administrative agent of city and not liable for torts, city being liable therefor, *held*, that such exception was waived and abandoned by going to trial on merits on issues raised by defendant's answer, which were altogether different from those raised by exceptions of no cause of action.

6. Certiorari ⬤➙36—Defense, raised first time on application for writ of review by certiorari, not considered.

Where sole defense asserted by def.ndant from filing of answer to application for rehearing of case in Court of Appeal was denial of negligence and plea of contributory negligence, defense raised for first time on application for writ of review by certiorari, that defendant was merely administrative agent of city and not liable for torts, will not be considered; Const. art. 7, § 11, not contemplating that on certification of case to court for review it should consider matter raised for first time on application for review.

Suit by Edward F. Shalley, tutor of James Cantrelle, against the New Orleans Public Service, Inc., and the Sewerage and Water Board. Judgment for plaintiff, against defendants in solido was, on appeal to the Court of Appeal, reduced and affirmed. Application to the Supreme Court for certiorari and review by the New Orleans Public Service, Inc., was refused, and the application of the Sewerage and Water Board was granted. Judgment affirmed.

Walter L. Gleason, of New Orleans, for appellant Sewerage and Water Board of New Orleans.

Benj. W. Kernan, of New Orleans, for appellant New Orleans Public Service, Inc.

Lazarus, Weil & Lazarus, of New Orleans, for appellee.

THOMPSON, J. James Cantrelle, 17 years old, was a passenger on a Claiborne Avenue street car operated by the New Orleans Public Service, Inc.

After the car had passed Clouet street the young man left his seat, went to front of the car, and asked the motorman to let him off at the next stop, which was Louisa street crossing, to which request the motorman assented.

The door of the car was open at the time, and the car was moving at a moderate rate of speed, having slowed down to let a passenger get off at Clouet street. As the young man took hold of the handle or rail used by passengers on entering and leaving the car, and stepped down onto the step of the car, he was struck by a large and heavy concrete pipe which had been placed near the track by the sewerage and water board. He was knocked off the step onto the ground, and the rear wheels of the car passed over both his legs. The limbs were so badly crushed and mangled as to require immediate amputation.

Cantrelle was at the time residing with Edward F. Shalley, his mother being dead and his father in the insane asylum.

Shalley was appointed dative tutor and brought suit in behalf of Cantrelle against both the New Orleans Public Service, Inc., and the sewerage and water board for $50,000 damages.

The defendants answered separately, denying any negligence on their part, and pleading contributory negligence on the part of Cantrelle.

The case was tried by a jury, which rendered a verdict against the defendants in solido for $37,000.

On appeal to the Court of Appeal the verdict of the jury and the judgment based thereon were affirmed except as to the amount, which was reduced to $25,000.

After an unsuccessful application for a rehearing the defendants applied separately to this court for certiorari and review.

The application of the Public Service, Inc., was refused, and that of the sewerage and water board was granted.

We have therefore only to consider the case in so far as it concerns the liability of the sewerage and water board.

[1] A review and careful study of the testimony convinces us, as it did the jury, the trial judge who approved the verdict, and the Court of Appeal, that there was gross negligence on the part of the sewerage and water board in placing the large and heavy concrete pipes so near the car track as to endanger

the life and limb of any passenger who, intending to get off at the next stop, had descended to and taken his position on the step of the car.

The pipes were oval shaped, 8 feet 4 inches in length, and measuring on the inside 36 by 40 inches. The walls were 4 inches thick, and the weight of each pipe was between 5,700 and 6,000 pounds.

They were placed practically at right angles with the railway track, and at a distance varying from 4½ to 7 inches from the body of a car on the track, and extended about 3 feet beyond the curbing.

There was obviously not sufficient space between the end of the pipes and a passing car to allow a person to get on the car step without subjecting himself to a collision with the end of the pipes. That this was true is clearly demonstrated in the case of young Cantrelle, who was struck by the pipes while he was standing on the step of the car. The last pipe as the car approached the stop where Cantrelle intended to get off was 150 feet from the stop.

[2] The sewerage and water board, in placing the pipes near the track as indicated, must be charged with having full knowledge that passengers on the street cars who intended to get off at the ensuing stop would take their position on the steps at such a distance from the stopping place of the car.

That it is the prevailing custom in this city, imprudent though the act may be, for passengers to get on the step of the car at considerable distance from where the car is to stop is established by the evidence, and is frankly admitted by counsel for the railway company. That the company acquiesced in the practice and that the sewerage and water board had knowledge of it may be regarded as conceded; at least it is not disputed.

[3] It is contended that if it was an act of negligence on the part of the board in thus laying the pipes within a dangerous proximity of the track, such negligence could not be held to have been the immediate and proximate cause of the accident and injury to the plaintiff. It suffices to say that the negligence of the sewerage and water board was continuous and existed down to the very moment of the collision.

But for the presence of the pipes the passage of the street car would have been clear and safe, and no collision would have taken place. Whatever, therefore, may have been the negligence of the Public Service, Inc., such negligence was concurrent with that of the water board, and could not be properly said to have been a supervening, independent cause of the accident. There is therefore no reason for saying that the negligence of the Public Service, Inc., was the sole proximate cause of the accident, and that the act of the water board was only the remote cause of the accident, or vice versa.

[4] Nor do we think that the young man was guilty of such contributory negligence, want of care, or imprudence as would debar him from a recovery.

As well said by the Court of Appeal:

"The evidence, as well as our own observation, establishes that it is a customary practice for persons riding in the street cars of this city to get down upon the step and stand upon it for some distance before getting off the car; and more especially is it the case with young and active passengers."

[5] The question, more seriously and elaborately discussed in the able and exhaustive brief of counsel for the water board, is that the said board is the administrative agent of the city of New Orleans, quoad sewerage, water, and drainage, and that liability for tort growing out of negligence of its employees is in the city of New Orleans, if any, and not in the sewerage and water board.

The question was raised for the first time in the application to this court for review. There was no such defense made in the pleadings; on the contrary the answer of the board to plaintiff's petition expressly alleges that under the provisions of act 6 of the Extra

Session of 1899 the sewerage and water board is vested with primary and superior rights to the city of New Orleans, and those holding franchises under the city of New Orleans, in the use of the streets for the purposes of its construction work.

The only defense made in the lower court was want of negligence on the part of the water board and contributory negligence on the part of Cantrelle. There was no objection on the trial of the case to any evidence tending to establish negligence and liability of the water board on the score that said board was merely an administrative municipal agency.

The judge gave a written charge to the jury, in which he said that the sewerage and water board could not perform its work in such a negligent manner as to endanger the safety or lives of the citizens who have a right to be on the street or any part of the street.

He further charged that if the jury should find that the sewerage and water board was negligent in the way it placed its drain pipes on the street near the tracks of the railway company, and in that way contributed along with the railway company to the accident which occurred, then it should be held equally liable therefor.

There was no objection made to this charge, nor did counsel ask the court to charge the jury that the water board, as an administrative board or agent for the city, could not be held liable in an action for tort.

In the application for a new trial it was not claimed that the water board could not be made liable on the ground now asserted. Nor was such a defense made in the Court of Appeal. The matter was not referred to in counsel's brief in that court, was not discussed by that court in its opinion, and was not mentioned in the application for a rehearing.

So we repeat that the sole defense by pleading, and the sole contention in brief and argument, from the filing of the answer to the application for rehearing in the Court of Appeal, was a denial of negligence and a plea of contributory negligence.

In the application to this court it is stated that the exception of no cause of action is based on the fact that the sewerage and water board is the mere administrative agent of the city of New Orleans, and is not liable in torts; that any liability resulting from torts is imposed on the city of New Orleans and not on the sewerage and water board.

But the exception on its face raises no such question. It simply states that the petition discloses no cause of action against the sewerage and water board.

But, be that as it may, the exception was never tried, and was waived or abandoned by going to trial on the merits on issues tendered by the answer, and which are altogether different from the one it is now claimed was raised by the exception of no cause of action.

We say that the exception was waived and abandoned, first, because its disposition was never insisted on, and the minutes of the court show that the exception was continued indefinitely, after the answer was filed and before the commencement of the trial in the lower court.

[6] The Constitution, section 11, art. 7, which confers the power on this court to cause a case to be certified to it for review with the same power and authority in the case as if it had been brought directly by appeal to this court, never contemplated that this court should go outside the record and decide questions that were never raised, or considered and could not have properly been considered by the Court of Appeal in rendering the judgment under review.

The writ of review in the present case, therefore, does not bring up for our determination the question as to whether the sewerage and water board is liable in tort independent of the city of New Orleans.

We must decline, therefore, to establish in this case a precedent for leaving the record as made up by the pleadings, evidence, and arguments in the district court and Court of Appeal in considering and determining a question raised for the first time in the application for review.

For the reasons assigned, the judgment of the Court of Appeal is affirmed, at the costs of the relator.