## THOMPSON v. STEINKAMP

(November 15, 1926. Opinion and Decree.)
(December 13, 1926. Rehearing refused.)

*(Syllabus by the Court)*

1. **Louisiana Digest—Evidence—Par. 339.**

One witness is sufficient to prove an account composed of several items aggregating more than $500, where no single item of the account exceeds that sum.

2. **Louisiana    Digest—Appeal—Par.    565, 568.**

A defense which has not been raised in the pleadings will not be considered on appeal.

Appeal from the Twenty-eighth Judicial District Court of Louisiana, parish of Jefferson. Hon. Prentice E. Edrington, Judge.

Action by George Thompson against Mr. and Mrs. Frank Steinkamp.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Fred A. Middleton, of New Orleans, attorney for plaintiff, appellee.

A. T. Higgins, Arthur Landry, of New Orleans, attorneys for defendant, appellant.

CLAIBORNE, J. This is a suit for labor and materials furnished for a building.

The plaintiff alleged that on January 20, 1923, he contracted with the defendants to build an eight-room house in consideration of $525 for labor and extra for any additional labor, and all the materials furnished by plaintiff to be paid by defendants; that the cost of labor, including extra, was $695.20, and the cost of materials furnished by plaintiff was $1060.78, making a total of $1755.98, in part payment of which the defendants. have paid him $460.00, leaving a balance due of $1295.98, which defendants refuse to pay him.

Annexed to the petition is an itemized statement of all the lumber, bricks, sand, factory work, roofing paper, hardware, paint, lime, cement, and extra labor; no one item amounting to $500.

The defendants denied each allegation of plaintiff's petition. Further answering, they averred that on December 1, 1922, Mrs. Frank Steinkamp made a verbal contract with B. Boudreaux to build a house according to a plan for $525 for the carpenter work and the labor; she to furnish the necessary materials specified by Boudreaux; that the plaintiff, as agent for the Mid City Lumber Co., sold lumber to Mrs. Steinkamp to the amount of $901.50 for which she gave a mortgage to said company on said property.

There was judgment for plaintiff against both defendants and they have appealed.

The testimony of the witnesses was not taken down as given, but a statement of the testimony given by them was agreed upon.

From that statement it appears that four witnesses testified: the plaintiff, the two defendants, and Boudreaux. From this testimony we gather that the defendants originally contracted with Boudreaux to build the house; that all the materials that had been used in the house had been purchased through the plaintiff representing the Mid City Lumber Co.; that Thompson interfered with Boudreaux who abandoned the job, and turned it over to Thompson, and instructed Mrs. Steinkamp to pay Thompson the money; that she paid Thompson $460; that she gave the Mississippi Lumber Co. a mortgage for $901.59 for lumber furnished by them; but that this sum did not cover other articles used such as nails, paint, sand, lime, grates, hinges, locks, doors, door frames, paint, additional ceiling and bricks; that for these articles she has never paid anyone and has never received a bill from anyone for the same except from the plaintiff; that the house is insured against fire for $2250, and is rented $16 a side, or $32; that Boudreaux never called upon her for money; that she always sent the money to Boudreaux through the plaintiff.

Boudreaux worked for plaintiff on that and four other jobs and was paid by plaintiff $283.33.

The plaintiff verified the correctness of his petition.

The defendants are in possession of a double house built by plaintiff which is insured for $2250 and is rented for $32. All they claim to have paid on the house is $460 to plaintiff and $901.50 to the Lumber Company, making a total of $1361.59. It is evident that the house cost more to build than that sum. No one has claimed any amount from the defendants. It is evident, therefore, that the plaintiff is the only creditor. His bill must be correct; $1361.59 amount paid by defendants and $1295.88 amount sued for by plaintiff make the probable cost of the building $2657.57.

The defendants in their brief say that the contract sued on and the amount claimed exceed $500 and have not been proven to meet the requirements of Article C. C. 2277 (2257). This article requires proof "by one credible witness and other corroborating circumstances". The contract is sworn to by plaintiff and admitted by both defendants. The only difference is that the defendants say it was with Boudreaux. But the evidence shows that it was originally with Boudreaux and that he abandoned it and transferred it to Thompson who completed the building.

Other corroborating circumstances fully establishing plaintiff's claim. O'Niell vs. Guyther, 123 La. 109, 48 South. 759.

It is true that the amount claimed exceeds $500. But it is composed of separate and distinct items not one of which exceeds $500. In such a case Article 2277 does not apply. A. T. Stewart & Co. vs. L. Haas, 23 La. Ann. 783; Stribling vs. Stewart, 19 La. Ann. 71; Rossignol vs. Est. of Triche, 28 La. Ann. 144.

It is argued in defendant's brief that a married woman cannot be sued for her husband's debts nor for those of the community. No such defense was made in the pleadings, and it will not be entertained in this court for the first time.

Theodore vs. New Orleans Mutual Insurance Association, 28 La. Ann. 917; R. M. Walmsley & Co. vs. Nicholas, 36 La. Ann. 798; Quaker Realty Co. vs. Maier-Watt Realty Co., 134 La. 1030, 64 South. 897; Shalley vs. New Orleans Public Service, 159 La. 524-525, 105 South. 606; Young vs. Firemen's Fund Ins. Co., 160 La. 275, 107 South. 108; Chase vs. New Orleans Gas Light Co., 45 La. Ann. 302, 12 South. 308 and 108 South. 230; 12 Orl. App. 346.

Judgment affirmed.