No. 2264

Second Circuit

HOME LAND CO. v. BRYANT

(April 8, 1927. Opinion and Decree.)

*(Syllabus by the Court)*

1. **Louisiana Digest—Prescription—Par. 69.**

Where immovable property is validly adjudicated to the state for taxes, and the sale is redeemed by the tax debtor after expiration of the redemptive period, prescription acquirendi causa is interrupted.

Quaker R. Co. vs. Maier-Watt R. Co., 134 La. 1030, 64 South. 897.

Armstrong vs. Morrill, 14 Wallace (U. S.) 120.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. T. F. Bell, Judge.

Action by Home Land Company against Anne Bryant, et al.

There was judgment for plaintiffs and defendant appealed.

Judgment affirmed.

R. G. Chandler, of Shreveport, attorney for plaintiffs, appellees.

John B. Files, of Shreveport, attorney for defendant, appellant.

STATEMENT OF THE CASE

REYNOLDS, J. This was an action of slander of title converted into a petitory action. There was judgment in favor of the plaintiffs in the converted action and the defendant in that action appealed.

## OPINION

This action involves the title to° and right to the possession of a piece of ground situated in Caddo Parish, Louisiana, described as one acre in the extreme northeast corner of the Kane Agricultural and Industrial School Subdivision lying in Section 19, Township 17 North, Range 13 West.

The facts are few and undisputed and only a question of law needs to be decided.

Both appellant and appellees deraign title from a common source, namely, one William Jamison.

But appellant, in addition, pleads the prescription of ten years.

The history of the title is as follows:

On October 31, 1901, Book 25, Page 786, Caddo Parish records, William Jamison sold to James Bryant all of lot 21 of the Kane Agricultural and Industrial subdivision.

In 1904, Book 35, Page 677, of said records, James Bryant retroceded to William Jamison all of said lot 21, except one acre in the extreme northeastern corner thereof.

Appellees are the widow and sole heirs of James Bryant and claim title to the one acre so reserved as such widow and heirs.

On March 31, 1910, Book 63, Page 252, of said records, William Jamison sold to J. B. Atkins all of said lot 21.

On April 6, 1910, Book 49, Page 44, J. B. Atkins sold to Ed. Robertson all of said lot 21.

On May 16, 1916, Book 108, Page 420, the sheriff and ex-officio collector of taxes for the Parish of Caddo adjudicated to the state for unpaid taxes of the year 1915 assessed to James Bryant one acre of ground in the northeast corner of lot 21 of the Kane Agricultural and Industrial subdivision, the land in controversy.

On June 6, 1922, Book 170, Page 424, the State of Louisiana executed to James Bryant a certificate of redemption of the one acre of ground from the tax sale.

On January 18, 1923, Ed Robertson sold to Home Land Company, by act recorded, Book 175, Page 725, all of lot 21.

Appellant contends that the evidence shows that it and its authors were in actual possession of the property in controversy openly and in good faith and under title translative of property for more than ten years prior to the institution of this suit, and that it has title to the one acre in question by prescription, if not by deed.

The district judge decided that William Jamison, not having title to the property in controversy, conveyed none by his deed to J. B. Atkins, and that, this being so, neither his vendee, Ed Robertson, nor the latter's, the appellant in this suit, acquired any title to the property by their respective purchases; and· that quo ad appellant's plea of prescription, it was not necessary to go into the question as to the sufficiency of the proof as to that, for the reason that inasmuch as if it was ever initiated it had been interrupted by the sale of the property to the state for taxes.

Appellant insists that the sale for taxes only passed in inchoate title, that the redemption restored the ₁status quo ante as completely as though no sale had taken place; that its author was in actual possession of the property during the time the· title was in the₁state; and that, therefore, the possession was unbroken and prescription uninterrupted.

We cannot assent to this view, for the reason that it is contrary to the well-

settled principle that prescription does not run against the state.

Quaker Realty Co. vs. Maier-Watt Realty Co., 134 La. 1030, 64 South. 897.

Appellant cites us to the case of Handlin vs. Lumber Co., 47 La. Ann. 406, 16 South. 955, and other cases, as sustaining its contention, but we do not think any of them go as far as claimed by him. The most can be claimed for them is that they hold that a sale for taxes does not ipso facto divest possession. This is altogether a different thing from the contention that such a sale does not, after expiration of the redemptive period, vest title absolutely in the state.

In the case of Quaker Realty Co. vs. Maier-Watt Realty Co., supra, the court, dealing with a somewhat similar question to that involved here, said:

"The plea of prescription of ten years is attempted to be sustained by showing that defendant and its author in title have been in possession of the property for more than ten years prior to the filing of this suit, May 9, 1912. But the State of Louisiana owned the property from the year 1885 until it sold the same through the auditor of public accounts, representing the state, September 1, 1909, under Act No. 80 of 1888, as amended by Act No. 126 of 1896. *Prescription does not run against the state. Prescription was suspended during the time that the state was the owner* of the property; and ten years have not elapsed since the state parted with title in favor of plaintiff and *its authors. The plea of prescription is overruled.*"
(Italics ours.)

The identical point at issue in this case was presented and decided in the case of Armstrong vs. Morrill, 14 Wallace (U. S.) 120, the syllabus of which is as follows:

"Where the lands of A. in the adverse possession of B. were forfeited to the State of Virginia under its act of 27th February, 1835, declaring forfeitures for non-payment of taxes, but were allowed by a subsequent and private act to be redeemed by the original owner, held that the forfeiture to the state broke, in point of law, the continuity of the adverse possession (though it might have been, in fact, continuous) having been, in law, thus broken, was neither restored upon the redemption so as to be continuous in law, nor was it so affected as that the persons holding adversely could tack the adverse possession prior to the forfeiture to the adverse possession subsequent to the redemption and so make out a term of adverse possession which a statute required in order to give title."

The district judge held that appellant had no title either by deed or by prescription to the one acre in the extreme northeast corner of lot 21 of the Kane Agricultural and Industrial Subdivision lying in Section 19, Township 17 North, Range 13 West, and that the title thereto was in appellees as the widow and heirs of James Bryant under his purchase from William Jamison, the common source of title; and in this conclusion we concur.

For the reasons assigned it is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.