CHOPIN v. CITY OF NEW ORLEANS

---

(November 14, 1927. Opinion and Decree.)
(November 28, 1927. Rehearing Refused.)
(January 20, 1928. Writs of Certiorari and Review denied by Supreme Court.)

---

(*Syllabus by the Court*)

1. Louisiana Digest—Appeal—Par. 574; Municipalities—Par. 357.

The defense, made for the first time in this court in argument and in brief, by the City of New Orleans, sued for damages caused by the alleged negligence of its employee, the driver of a garbage cart, that in collecting garbage it is discharging a public function, and consequently in that capacity it is not liable for the negligence of its servants, will not be considered.

2. Louisiana Digest—Appeal—Par. 574; Municipalities—Par. 357; Pleading—Par. 62, 71.

The situation is not saved by the filing of an exception of no cause of action in this court after submission of the case.

Appeal from Civil District Court, Div. "B." Hon. Mark M. Boatner, Judge.

Action by Maurice E. Chopin, individually and for use, etc., against City of New Orleans.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Benjamin W. Kernan, of New Orleans, attorney for plaintiff, appellee.

Spearing, Miller and Mabry; F. P. Burns, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. This is a suit for damages to plaintiff's automobile, and for physical injuries suffered by his minor son as a result of a collision between plaintiff's automobile and a garbage cart driven by an employee of the defendant, the City of New Orleans.

The defense, as presented to the trial court, consisted of a denial of fault on the part of defendant's employee, an imputation of negligence to plaintiff, and a plea of contributory negligence.

In this court in argument and in brief the contention was for the first time made that in collecting garbage the defendant City is discharging a governmental function, and, consequently, is not liable for personal injuries caused by its servants. After submission of the case and while under advisement in this court, defendant filed an exception of no cause of action.

The special defense made for the first time in this court, exemption upon the ground of governmental agency, is not re-

ferred to in the pleadings and was not argued below, obviously it was not considered by the trial court. The propriety of its consideration here is challenged.

In McClellan vs. Maxwell, 35 Ann. 318, it was held that the Supreme Court would only consider issues raised by the pleadings, though if the pleadings were different, a different decision might have been arrived at upon the same record.

"We have examined the proof in the record, and whether we consider the grounds of the injunction at length, as set out formally in the petition, or as shortened and narrowed by the character of the pleas urged, we are satisfied that none of these grounds are sustained by the evidence or the law applicable to them. Under different pleadings the result might have been different; but as the record presents the issues, and considering the evidence as it bears upon them, we find no reason for disturbing the judgment complained of."

In Bonnin vs. Town of Crowley, 112 La. 1026, 36 So. 842, which was a suit by a father for damages suffered in the death of his son, the defense was made for the first time in argument in the Supreme Court, "that it was incumbent upon the plaintiff, in order to recover damages, to prove that the deceased had not left a widow and minor children, as they are entitled to preference, under Article 2315 of the Civil Code, over the surviving father and mother." The court held that inasmuch as "this point was not presented in the pleadings, it was not argued in the court below, and it follows that, as that court did not pass upon the objection, it can scarcely be considered as being regularly before us for decision."

In that case, however, the court observed that there was nothing in the point because the record contained the necessary proof of the absence of prior claimants under Art. 2315.

"We have again and again decided that all pleas, whether orally or in writing, should in some way be made before the court of the first instance."

Succn. of Turgeau, 130 La. 654, 58 So. 497.

In Quaker Realty Co., Limited vs. Maier-Watt Realty Co., 134 La. 1030, 64 So. 897, it was held that a defendant pleading for the first time in an answer to an appeal that "the action of plaintiff would be in violation of the amendment of the Constitution of the United States in taking its property without due process of law" was too late and the plea would not be considered because "it is not embraced in the pleadings and was not before the trial court."

In Shally, Tutor, vs. New Orleans Public Service, et al., 159 La. 519, 105 So. 606, the Sewerage and Water Board was not permitted to make a similar defense for the first time in the Supreme Court on application, for writ of review.

It is clear that such defenses as the one presented for the first time in this court should be presented to the lower court. It does not appear from the authorities we have quoted that an exception of no cause of action was filed either in limine or in the appellate court, as was done in this case. Does the presence of the exception filed in this court distinguish the present case? We are of the opinion that it does not.

If this defense had been made in the lower court, plaintiff may have been able to show by the administration of evidence that this doctrine invoked did not apply for reasons peculiar to the present defendant. As was said in McClellan vs. Maxwell (supra) under different pleadings a different result might have been arrived at.

In Zollicoffer vs. Briggs, 3 Rob. 236, the court refused to pass upon an exception of · res adjudicata filed for the first time in the Supreme Court, saying: "To inquire into this exception would violate a well settled principle and rule of proceeding, that this court can only exercise its jurisdiction in so far as it shall have knowledge of the matters argued or contested below."

On the merits, there is no serious contention, and the case is with plaintiff.

The judgment appealed from is affirmed.