ELLIS, Judge.
The plaintiff is seeking damages for personal injuries allegedly received by him as the result of a collision between a Grey-' hound Corporation passenger bus and a loaded trailer of hay upon which plaintiff was riding on black-topped Route 61 near Lindsey, Louisiana, on June 2, 1951 between eight and nine o’clock A. M.
The Standard Accident Insurance Company, intervenor herein, was the insurer of R. L. Anderson, the employer of the plaintiff, and is now seeking to recover all amounts paid by them to and on behalf of the plaintiff, with priority out of the proceeds of any judgment that might be recovered by the plaintiff.
The case was duly tried .before Hon. Benj. W. Dart, Judge ad hoc,.who .rendered judgment dismissing plaintiff’s and inter-venor’s claims. Both of the latter have appealed.
The case poses purely a question of fact as to whether the Greyhound bus ever came in contact with or collided with the trailer load of hay so as to cause two bales to fall off the top front of the load and cause plaintiff to fall some 10 feet.
There is no question but that the plaintiff fell and suffered a most severe fracture of the leg bone. It is the plaintiff’s contention that he and two co-workers were riding on top of this trailer load of hay containing, according to the employer, 119 bales, and according to the plaintiff 110 bales, traveling south on Highway 61, which is blacktopped with shoulders and a ditch on either side. When they neared a place known -as Lindsey, Louisiana, plaintiff and his two fellow employees saw the bus approaching to their rear, traveling in the same direction at a rapid rate of speed, and from the opposite side an automobile was approaching. As soon as this automobile had cleared the lane of traffic opposite the trailer load, of hay, which was traveling with one wheel on the black top and one wheel on the gravel ■ shoulder, the bus veered to its left into the north-bound lane of traffic in order to pass the trailer load of hay, and was faced with a second oncoming car,, and the bus driver then applied his brakes and slowed down with the intention of getting back behind the trailer load of hay in order to let the car pass. It is contended that the bus had gotten, to about the center of the load of hay when the driver realized he could not go on and would have to drop back in' behind the load of hay, and in doing so he veered To his right and the. right front corner of the bus struck the left rear corner of.-the ‘hay, pushing, the rear of the trailer to its right and causing two, bales of hay on the top front of -the load upon which plaintiff ■ was sitting to come loose and cause the plaintiff to fall and suffer the injuries complained of.
The driver of the tractor did not see the ■bus strike the hay nor did he know that it had struck the hay until he was told after the accident; .
It is the defendant’s contention that the bus did not.have any collision or any contact with the trailer load of hay and they offer the testimony of the driver of the bus that he had no collision and no mishap of any kind on the day plaintiff was injured and, in addition, defendant offers the testimony of six passengers on the bus that day that they saw no collision and did not even remember-seeing any trailer with hay on it.
*494 It is convincingly shown by the plaintiff that the bus did pass in this vicinity at about the time the plaintiff contends the accident occurred but we believe that the plaintiff has failed to establish his case and, on the contrary, do not believe that the accident happened as the result of the bus colliding or coming in contact with the load of hay.
Counsel for plaintiff bases his entire case upon the testimony of plaintiff and McKee, who testified positively that the bus, when it attempted to get back in the south-bound lane of traffic behind the trailer load of hay, struck the hay at the left rear córner of the trailer, and, in addition, depends upon the fact that the bus was in that vicinity at that time and also the testimony of the brother-in-law of the employer to the effect that when the bus stopped at Lindsey where he was waiting for the trailer load of hay that some of the passengers on the bus were laughing, which counsel contends is a circumstance to be considered. He argues that although they did not know that the 'plaintiff had been injured, seeing the plaintiff fall was funny to them and that is what they were laughing at. Counsel for plaintiff argues that the testimony of the defendant is of a negative character and that,'therefore, it cannot outweigh the pbsi-. tive testimony of plaintiff and his witness, McKee, citing: Heiman v. Pan American Life Insurance Co., 183 La. 1045, 165 So. 195; Greeves v. S. H. Kress & Co., La. App., 198 So. 171, quoting Jones’ Commentaries on Evidence, Vol. 5, Sec. 989, pages 397 et seq.; Miller v. W. Horace Williams Co., La.App., 8 So.2d 734, 735.
In the last cited case the Court stated:
“ * * * It is a well known rule of evidence that the number of witnesses, either lay or expert, is not the decisive ■factor in arriving at the true facts in a case, but the weight to be given the testimony of the witnesses is to be determined in the light of their opportunity'for observation, their credibility, their knowledge and experience, the probability or improbability of their opinions and statements, together with the other facts and circumstances in ■the case which are to be considered along with the testimony of the witnesses.”
Accepting the law as laid down in the quotation, we are of the opinion that the plaintiff has failed to bear the burden of proof required of him and that the judgment of the District Court is not manifestly erroneous.
The plaintiff testified positively that he was sitting on the top bale on the front of the trailer load of hay, facing west, and that Willie Jones was sitting to his rear facing east, and that McKee was sitting to the rear of Willie Jones, facing east. It is plaintiff’s testimony that he did not move from that position until he fell, however, he testified that he saw the bus when it came in contact with the bales of hay located on the left rear part of the trailer. From his position this is doubtful, however, we do not doubt that he saw the bus coming, for it is shown by McKee’s testimony that he was not in this position just prior to the accident. In fact, McKee testified positively that the plaintiff was sitting approximately in the middle of the load of hay and that when they saw the bus coming evidently they were afraid that it was going to run into the trailer for McKee hollered to the .tractor driver that the bus was coming and- to get over out of its way — this was substantially his testimony — and that at that time the' plaintiff crawled from the middle of the trailer load of hay to the front. The plaintiff admits that he made an attempt to grab a chain which was binding the hay from the front to the rear of the trailer and missed it. The photo-' graphs introduced show that if he had been sitting on the bale of hay as he testified he would have practically been sitting on top of the chain and would not have had to grab for it. The plaintiff just prior to falling off was evidently standing or crawling on a lower tier of the hay. The hay was stacked one bale lengthwise in the middle of the trailer all the way through, and on each side of these center bales the bales were stacked crosswise. This went four bales high and the bales loaded on top of this did not come to the edge of the trailer, and, therefore, left a ledge. In other words, the hay was loaded in somewhat the shape *495 of a pyramid, wide at the bottom and narrowing down to a row of bales crosswise on the very top.
It is further shown by the testimony of McKee that Jones, who was facing east, started to jump off before the bus attempted to pass but then he saw the car coming, so he “caught the chain” and finally jumped off on the right side. We don’t have Jones’ testimony in the record. McKee further testified that he himself started to jump off and finally did jump off on the right-hand side after the plaintiff had fallen. The important part of McKee’s testimony, in our opinion, is the following:
“Q. You say that the bus was right on the same side of the road, only that he just came up closer after the first car passed, and after the first car passed he just came up closer to you and then pulled around, and he couldn’t make it, so he just hit the left corner of the trailer, is that it? A. Yes, sir.
“Q. When was it that you were hollering? A. I hollered when he was back further. When he was back there '(indicating). I hollered and told him to give him more road, and he couldn’t have gotten by, and when he got over he didn’t pull up — we went in the ditch. He got in the ditch.”
McKee, in the above quoted testimony, shows that when the bus was back down the road he evidently thought that the bus was not going to have room to pass on account of the oncoming car, and that there was danger of the bus colliding with the trailer load of hay upon which he was riding, and he therefore hollered to Sol Franklin, driver of the tractor that the bus was coming and to give it more road, which according to his testimony the tractor driver must have done because they ended up in the ditch. It is well to remember McKee’s testimony to the effect that at this time or thereabouts the plaintiff, who was sitting on top in the-middle of the load of hay, was scrambling toward the front and it is much more reasonable to deduce from the testimony that all three of the employees riding on top of the trailer load of hay became excited when the bus approached from the rear and that Willie Jones and McKee did hold on to the chain and were not thrown off by . the angle of the tractor at the time it went into the ditch, but that the plaintiff fell off or was thrown off as the .result of the tractor driver pulling to the right and ending up in the ditch. Further, when we consider the fact that the tractor was going forward at a speed of 10 miles per hour and in order for the bus to come back behind the tractor it would have had to travel at a less speed in. the same, direction as the tractor, the blow or contact between the bus and the hay, if it occurred, could not have had very much force. This is also proven 'by the fact that there is no testimony that one bale of hay on the rear where the bus allegedly came in contact with the hay was moved out of position. Only two bales fell off up on the front right side of the trailer, we believe that the plaintiff’s actions in crawling and grabbing for'the chain could have caused this to happen.
' Another physical fact which indicates that if the bus did come in contact with the hay it was a very light blow is the fact that the hay only protruded over the side of the bottom of the trailer two inches, and the testimony is positive that the bus at no time came in contact with any part of the trailer but only the soft hay on the left' rear corner.
In addition to the above testimony it would have been impossible for the driver and at least the occupants of the bus bn the right-hand side not to have seen or known that the bus collided with the hay. The passengers on the right-hand side would have noticed the hay scraping against the right side of the bus as the hay was higher ■ than the top of the bus.
Taking all the testimony, we are of the opinion that the plaintiff’s injuries were due to his negligence in crawling or going from the middle of the hay to the front without holding onto the chain and that he either lost his balance or was thrown from the top of the hay when the tractor and trailer got off on the shoulder of the road or into the ditch. He was evidently excited at the time he moved from the middle of the hay to the front of the trailer for McKee’s testimony shows this to be true. He testified: *496 “He crawled to the front 'because he seen' the place where the bus wasn’t going to make it. He saw where the bus wasn’t going to get by, and he got up there, to the right front corner.” The testimony shows that all of them were trying to jump as the bus 'approached from the rear and all were excited.
Finding no manifest error in thé judgment'of the lower court, it is hereby affirmed.