GLADNEY, Judge.
This suit in tort w*is brought by David J. Smith for personal injuries sustained by his seventeen year old son, on August 27, 1961, when the latter fell from a truck loaded with-hay and received severe permanent head injuries. Named as defendants are John P. Whittington, the owner of the truck, Marquette Casualty Company, the liability insurer of the truck, and Hanover Insurance Company, who had issued in favor of Whittington a general liability policy with endorsement covering comprehensive farm liability. The pleadings of the- defendants generally denied the allegations of negligence. Hanover specially denied coverage under an exclusion clause affecting automobiles while away from the premises, and Marquette admitted insurance coverage and defended on the ground of non-liability. Upon these issues the case was submitted to a jury which rendered a verdict favorable to defendants. Plaintiff has appealed.
The circumstances leading up to the injuries received by Emmitt Smith are not disputed, except with respect to the numlper of bales of hay that fell from the truck and as to whether the hay was tied securely.
On the day before the accident Emmitt and his younger brother, D. J., had been left by their father in the care and custody of Whittington while Mr. and Mrs. Smith went to Monroe because of the illness of Mrs. Smith’s mother. David J. Smith was employed on the Whittington farm situated near Greenwood, Louisiana, at a regular salary and was furnished a home for his family. On the day of the accident Whit-tington took Emmitt and D. J. to a hay field about fifteen miles distant from the farm where the cutting and mowing of hay was in progress. Ernest Chambers and Jasper Maiden, two colored employees, were engaged in loading hay on a flat bed sideboard truck. Accompanying the truck were three teen-age colored youths, James and Frank Johnson, and John Henry Gibbs, aged fifteen or sixteen years.
The particular truck involved was a one and one-half ton stake body truck with a hydraulic lift tailgate, and after being loaded at that particular time the load contained 125 bales placed upon a sixteen foot flat bed which was loaded five bales wide and five bales high. The top of the load was seventy inches above the truck bed. The side board was sixteen inches in height. Each bale weighed from forty to fifty pounds. After the hay was stacked it was tied down by two ropes, each running under the frame and then up over the load from front to rear. An open space four feet deep was left on the rear end of the truck for the boys to ride in.
When the truck left the field D. J. was seated in the cab with Ernest Chambers and Jasper Maiden, and Emmitt was sitting down in the open space in the rear of the truck beside the three colored teen-age boys. This space was roped off by a rope tied across the back of the truck and the tailgate was extended to provide additional open space. The boys were behind the load of hay with their backs .toward the front of the truck and their feet on the tailgate which had been raised to the level of the truck bed.
On the way out of the field Emmitt Smith stood up and -was immediately and emphatically instructed by Whittington to sit down and not get up again. The truck proceeded at a moderate speed of twenty miles per hour on a level hardsurfaced highway to a point approximately six miles from Greenwood, where Emmitt fell, jumped or was *329 knocked from the track. When the accident occurred the track was approaching a narrow bridge. After Emmitt fell, the track traveled approximately two hundred feet and stopped, at which time one of the colored boys jumped off the truck and informed Maiden, the driver, of the accident.
The three colored boys were the only persons in a position to witness the accident. The injuries received by Emmitt Smith prevented him from testifying. The testimony of the three colored youths uniformly states that shortly before the accident happened Emmitt Smith stood up a second time and sat down after one of the boys requested him to do so. After that he stood up the third time and said he was going to climb up the hay and it was at that time when he fell. None of the witnesses was able to describe the manner of the fall, except to say that when Emmitt was falling he had a handful of hay. He landed on his feet, became overbalanced, and his head struck the hard surface of the highway, rendering him instantly unconscious.
Plaintiff’s cause of action is predicated on the negligence of Whittington’s employees, primarily in improperly loading and making secure the hay upon the truck in order that it would not endanger the boys who were riding on the rear of the bed of the truck. Also, it is asserted that no safe riding place was provided, and that the driver of the truck was negligent in failing to halt the truck when it became apparent that the improperly placed load was shifting and falling.
On this appeal, error is charged to the failure of the trial judge to instruct the jury on the doctrine of res ipsa loquitur, the doctrine of sudden peril, on the standard of care of a young person, and as to the presumption that a person will not act in such a way as to extinguish his own life. These instructions were requested by the plaintiff’s counsel and refused.
In brief, appellant urges that a bale of hay fell from the truck when it was approximately six hundred feet from the scene of the accident, and that shortly thereafter other bales fell off and Emmitt was knocked to the ground. Whether one or more bales of hay fell from the truck is a disputed fact which the jury was called upon to decide. The preponderance of the evidence, in our opinion, warrants finding that not more than one bale of hay fell from the truck and that this came from the front of the stack. Counsel for appellees insist that the place at the rear of the truck where the four boys were riding was a place of safety and at no time after the bale of hay fell from the truck was there any alarm or panic demonstrated by Emmitt Smith or the others, and that Emmitt Smith attempted to climb up on top of the hay for the purpose of telling the driver about the bale of hay which fell from the truck. The evidence with respect to whether or not Emmitt Smith did attempt to climb up on top of the hay is not conclusive.
Emmitt Smith, despite repeated warnings, stood up on the truck, thereby abandoning his place of safety. On the third occasion that this occurred he fell or became overbalanced and fell or was forced to jump from the truck. Needless to say, if Emmitt did attempt to climb up on the hay, such action on his part would have been foolhardy. Yet, if he was prompted to stand up for any other reason after the danger thereof had been impressed upon him so forcibly by Whittington, such conduct likewise was inexcusable. By standing, especially after these warnings, Em-mitt Smith was grossly negligent and in our opinion this act was the sole proximate cause of the accident.
 Counsel for appellant strongly argues the trial court erred in failing to instruct the jury as to the application of the doctrines of res ipsa loquitur, sudden peril and contributory negligence, the latter particularly with respect to the standard of care of a young .person, and in the light of the recognized principle that a person will not ordinarily act in such a way as to extin *330 guish his own life. We find there was no error. The contentions so made do not present a question of reversible error, for-asmuch as this court exercises the right of review and to alter as to facts and law the verdict of a jury or the findings of the trial judge. We have examined the record as '.to these issues and find the rulings of which 'complained were not prejudicial. We may add further that a jury verdict will not be set aside by the court in a case where testimony is conflicting, or when testimony of the witnesses, if accepted as credible, is sufficient to sustain the verdict. Begnaud, et al. v. Texas and New Orleans Railroad Company, et al., La.App., 136 So.2d 123 (3rd Cir. 1962).
Counsel for appellant has especially argued that the plea of contributory negligence of Emmitt Smith should not prevail, because of his age, in the sudden emergency which arose by reason of the hay falling from the truck. It is asserted that the bale of hay fell off the top of the load and came directly over the boy's head, and that when this occurred the second time Emmitt Smith became fearful for his safety, stood up again and was knocked to the ground by another bale of hay. The asserted statement is not made out by the evidence. The record fails to disclose that Smith’s seat in the rear of the truck was unsafe, but on the contrary, the evidence shows that no bale of hay fell over his head. One did fall off the side of the truck. Accordingly, cases cited on behalf of plaintiff such as Dane v. Canal Insurance Company, et al., 240 La. 1038, 126 So.2d 355 (1961), and Coulton v. Caruso, La.App., 195 So. 804 (Orl.1940), involving the doctrine of sudden peril, are inapposite. Counsel also refers to Shally v. New Orleans Public Service & Sewerage and Water Board, 1 La.App. 770, affirmed 159 La. 519, 105 So. 606 (1925), which case involved a boy of •sixteen who left the vestibule of a moving •street car and stepped onto a step of the ■car and was struck by concrete pipes alongside the street car track. Therein the court stated that a sixteen year old boy could not be expected to possess the same degree of prescience, caution and intelligence of an adult. Nor could he be charged by the same rigor of law applicable to the letter. The jurisprudence in this state with respect to the capacity of a child, or young person who has not reached an adult age, to appreciate and realize obvious danger in connection with non-technical and ordinary objects and situations is appropriately discussed in the case of Juhas, et al. v. American Casualty Company of Reading, Pennsylvania, La.App., 140 So.2d 676 (4th Cir. 1962) with a rather complete citation of authorities. In the Juhas case eleven year old Mary Margaret Juhas was playing on and around a metal tank. She was on the tank and did not want another youngster to get on, and when he did so, they were pushing each other and she fell off. She had been warned not to play on the tank. She testified that she realized she could fall off and hurt herself but she did not think about that on the day of the accident. In its opinion, the court stated:
“In the light of this evidence, there is not the slightest doubt that it was the grossest kind of negligence of this eleven year old girl of excellent intelligence to engage in a pushing contest with a thirteen year old boy on the three by eight foot level surface five feet above the ground. The fact that she did not think about the previous warning of her parents nor the danger which was obvious and well understood by her is no excuse. At her age and state of intelligence her forgetful oversight must be held to contribute to the gravity of her negligence, rather than to relieve her of its consequences. In such cases involving children the age of the child is not the sole test. The mental capacity to exercise judgment in a given situation must be considered, depending somewhat upon the type of activity engaged in. In this case, Mary’s high degree of intelligence, coupled with the very obvious danger presented by the narrow area and its *331 height, and all the other evidential facts, lead us to the conclusion that the judgment should be reversed.” [La.App., 140 So.2d 676, 679, 4th Cir. 1962].
In a decision by this court in Jones v. Indemnity Insurance Company of North America, et al., La.App., 104 So.2d 197 (2d Cir. 1958), a sixteen year old girl and a companion were riding in the back of a truck and she was standing up after she had been warned to sit down, and, in addition to the warning, the girl had fallen because of her standing position and thereafter she stood up and leaned toward the driver’s side of the cab, when she fell out of the truck as the truck made a right turn. We held that the girl assumed the risk incidental thereto and hence, she could not recover for injuries received, our judgment supporting a plea of contributory negligence. A similar conclusion was reached in Franklin v. Greyhound Corporation, La.App., 64 So.2d 492 (1st Cir. 1953). The case of Plauche v. Consolidated Companies, 235 La. 692, 105 So.2d 269 (1958) cited in behalf of appellant involved a twelve year old boy who had been warned by his parents not to ride his horse across a traffic bridge, but to lead him. However, the court held that riding the horse across the bridge was not apparently dangerous and even an adult would not have been expected to realize or anticipate that a motor truck would release its brakes, thereby making a hissing noise which frightened the horse.
The danger of falling off of the truck was quite obvious and known to Emmitt Smith, and accordingly, we hold that he was guilty of contributory negligence in standing up under the circumstances. Such conduct on his part was undoubtedly the sole proximate cause of the accident.
The conclusion so reached precludes consideration of the question of coverage raised by Hanover Insurance Company.
For the foregoing reasons, the judgment is affirmed, at appellant’s cost.